IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA KURESA-BOON, | : | CIVIL ACTION |
| | : | |
| | : | NO. 08-1452 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MYLAN PHARMACEUTICALS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MYRTLE ANN TRABI, Individually and as Authorized Representative of the Estate of Catherine B. Wright, | : | CIVIL ACTION |
| | : | |
| | : | NO. 08-2692 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MYLAN PHARMACEUTICALS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Giles, J.                                                                                                                                                 August 13, 2008

      Before the court is a Motion to Remand filed by Plaintiff Kuresa-Boon in Civil Action No. 08-1452 to remand Civil Action No. 08-1452 to the Court of Common Pleas of Philadelphia, as well as a Motion to Remand filed by Plaintiff Myrtle Ann Trabi, Individually and as Authorized Representative of the Estate of Catherine B. Wright, in Civil Action No. 08-2692, to

remand Civil Action 08-2692 to the Court of Common Pleas of Philadelphia. Because these matters are related, the court will address the Motions to Remand together.

Plaintiff Kuresa-Boon filed her complaint against defendants Mylan Laboratories, Inc. ("Mylan Laboratories") and Mylan Pharmaceuticals, Inc. ("Mylan Pharmaceuticals") in the Court of Common Pleas of Philadelphia County on February 20, 2008. On March 26, 2008, defendant Mylan Pharmaceuticals removed the action to this court in Civil Action No. 08-1452. Plaintiff Kuresa-Boon filed a Motion to Remand (Civil Action No. 08-1452, Docket No. 8) on April 23, 2008, arguing that the parties are not completely diverse because Mylan Laboratories is a citizen of Pennsylvania, the forum state and that, as a result, there is no federal jurisdiction. Defendants filed an Opposition to the Motion to Remand on May 29, 2008, arguing that the citizenship of defendant Mylan Laboratories should be disregarded because it was fraudulently joined.

Plaintiff Myrtle Ann Trabi, individually and as authorized representative of the estate of Catherine B. Wright, filed her complaint against defendants Mylan Laboratories, Inc., Mylan Pharmaceuticals, Inc. and Mylan Bertek Pharmaceuticals, Inc.("Mylan Bertek") in the Court of Common Pleas of Philadelphia County on April 29, 2008. On June 10, 2008, defendants Mylan Pharmaceuticals, Inc. and Mylan Bertek removed the action to the court in Civil Action No. 08-2692. Plaintiff Trabi filed a Motion to Remand (Civil Action No. 08-2692, Docket No. 5) on June 17, 2008, seeking remand because of lack of diversity jurisdiction. On July 1, 2008, Defendants filed a Response in Opposition to Remand, arguing that Mylan Laboratories was fraudulently joined in the Complaint for the sole purpose of defeating diversity jurisdiction (Docket No. 8).

The court heard informal argument regarding the Motions to Remand in a telephone

conference on July 31, 2008, and held formal oral arguments on the record on August 12, 2008.

By federal statute, a defendant has the right to remove a civil matter from the state court in which it was filed if that case could have been brought in federal court originally. 28 U.S.C. § 1441(a). When removal is based upon diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006) (citing Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003)). There is, however, an exception to the requirement that removal be based on complete diversity: fraudulent joinder. Id. at 215-16 (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). Should the court determine that there has been fraudulent joinder of defendant Mylan Laboratories, it may disregard that defendant's Pennsylvania citizenship and exercise jurisdiction over the case. Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985) (internal quotation and citation omitted).

The burden of proving fraudulent joinder rests with the removing defendants, and it is "a heavy burden of persuasion." In re Briscoe, 448 F.3d at 217 (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-52 (3d Cir. 1992)). The Third Circuit has made it clear that a district court is permitted to look beyond the pleading allegations in a determination of whether a defendant has been fraudulently joined, but has also cautioned that "a district court must not step 'from the threshold jurisdictional issue into a decision on the merits.'" In re Briscoe, 448 F.3d at 219

(quoting Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990).

This court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Boyer, 913 F.2d at 111 (citations omitted). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court . . . ." In re Briscoe, 448 F.3d at 217 (citing Batoff, 977 F.2d at 851-52) (emphasis added).

Defendants argue that defendant Mylan Laboratories, a parent company of wholly owned subsidiary defendant Mylan Pharmaceuticals, has been fraudulently joined in the above-captioned matters because under Pennsylvania law, a parent company is not liable for the actions of a subsidiary unless the corporate veil is pierced. Although Plaintiffs include in their Complaints an averment that Mylan Pharmaceuticals is the agent and alter ego of Mylan Laboratories, Defendants argue that Plaintiffs fail to include any supporting facts that identify under what factors, as outlined by Pennsylvania law, Plaintiffs seek to pierce the corporate veil.

The court finds that, from the face of their Complaints, Plaintiffs do not rely solely on an alter ego theory of liability of Mylan Laboratories. They also assert that Mylan Laboratories is independently jointly and severally liable for its alleged actions, which include the marketing and promotion of prescription drug, phenytoin. Through counsel, Plaintiffs have represented that they have a real intention to prosecute in good faith the independent claim, as well as the claim of alter ego liability, in their respective civil actions against Mylan Laboratories and to seek a joint judgment. Thus, the only remaining question is whether there is a reasonable basis in fact or

colorable ground supporting the claims against Mylan Laboratories.

First, the court concludes that Plaintiffs have pled a sufficient independent cause of action against defendant Mylan Laboratories based upon Mylan Laboratories' independent actions involving, but not limited to, the marketing and promotion of phenytoin. There is a reasonable basis in fact or colorable ground supporting this claim against Mylan Laboratories. The court determines that there is a possibility that a state court would find that Plaintiffs' Complaints state a cause of action against Mylan Laboratories separate and apart from any allegations of alter ego liability.

Second, with respect to Plaintiffs' allegations that Mylan Laboratories is liable on a theory of alter ego, the court finds that, although this claim is not pled with specificity, it is possible that the state court would allow discovery on the issues, and, if warranted, allow amendments to the complaint to relate back. Therefore, the court concludes that Plaintiffs have pled sufficiently alter ego liability against Mylan Laboratories for remand purposes.

Specifically, Plaintiffs' Complaints state, with particularity, that all defendants were involved in the marketing of phenytoin, either by express assent or by conduct, and that all defendants had information from internal and external sources regarding the safety of the drug at issue but refused to provide adequate warnings or implement a system to collect and report the number of adverse events. (See, e.g., Kuresa-Boon Compl. ¶¶ 24, 60-61, 98; Trabi Compl. ¶¶ 24, 60-61, 98.) The Complaints are expansive enough to include the representations made by Plaintiffs' counsel during oral arguments that Mylan Laboratories' Medical Director made a public statement to the journal "Neurology" that "Mylan" was engaged in monitoring and recording phenytoin adverse events reported to the pharmacovigilence database. (See also Pls.'

Ex. 1, Letter from Medical Director of Mylan Laboratories to journal Neurology, March 15, 2005 4-8.)

In addition, Plaintiffs produced to the court public statements and public filings that suggest that Mylan Laboratories was engaged in activities normally attributed to a pharmaceutical company: the manufacture and marketing of prescription drugs. (See Pls.' Ex. 3, Press Release "Mylan Receives Approval for Extended Phenytoin Sodium Capsules, USP, 100 MG", December 29, 1998; Pls.' Ex. 7, Mylan Laboratories Form 10-k filing (stating that "We obtain new generic products primarily through internal product development.").) Whether these statements are an admission or a non-legal use of the corporate "we" is a matter for a trial court, and is not a factual dispute that can be resolved here.

For the foregoing reasons, Plaintiffs' Motions to Remand are granted, and the above-captioned matters are remanded to the Court of Common Pleas of Philadelphia County. All other pending motions in the above-captioned matters are denied as moot. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA KURESA-BOON, | CIVIL ACTION |
| | |
| | NO. 08-1452 |
| Plaintiff, | |
| | |
| v. | |
| | |
| MYLAN PHARMACEUTICALS, INC., et al., | |
| | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYRTLE ANN TRABI, Individually and as Authorized Representative of the Estate of Catherine B. Wright, | CIVIL ACTION |
| | NO. 08-2692 |
| Plaintiff, | |
| | |
| v. | |
| | |
| MYLAN PHARMACEUTICALS, INC., et al., | |
| | |
| Defendants. | |

**ORDER**

AND NOW, this 13th day of August, 2008, for the reasons stated in a memorandum of this same date, it is hereby ORDERED that the Motions to Remand (Civil Action No. 08-1452, Docket No. 8; Civil Action No. 08-2692, Docket No. 5) are GRANTED, and the above-captioned matters are REMANDED to the Court of Common Pleas of Philadelphia County. All other pending motions in the above-captioned matters are DENIED as

MOOT. The Clerk of Court is directed to close both matters for all purposes.

BY THE COURT:

_____
JAMES T. GILES         J.